Nicholas D. Kovarik, WSBA #35462
nick@pyklawyers.com
PISKEL YAHNE KOVARIK, PLLC
522 W. Riverside Ave., Suite 700
Spokane, Washington 99201
Telephone:   509.321.5930
Facsimile:     509.321.5935

Michael A. Josephson*
mjosephson@mybackwages.com
Andrew W. Dunlap*
adunlap@mybackwages.com
JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Telephone:   713.352.1100
Facsimile:     713.352.3300
*Pro hac vice applications forthcoming

Attorneys for Plaintiff and
the Putative Class Members

[Additional counsel appear on signature page]

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON
SPOKANE DIVISION

| | |
|---|---|
| LINDA LAUGHLIN, Individually and for Others Similarly Situated, | Case No. 2:23-cv-180 |
| Plaintiffs, | **ORIGINAL CLASS ACTION COMPLAINT** |
| v. | |
| | Jury Trial Demanded |
| FRESENIUS MEDICAL CARE HOLDINGS, INC. d/b/a FRESENIUS MEDICAL CARE NORTH AMERICA and RENAL CARE GROUP, INC. | Rule 23 Class Action |
| Defendants. | |

ORIGINAL CLASS ACTION COMPLAINT - 1

# Summary

1.      Linda Laughlin (Laughlin) brings this class action to recover unpaid wages and other damages from Fresenius Medical Care Holdings, Inc. d/b/a Fresenius Medical Care North America (Fresenius) and Renal Care Group, Inc. (RCG) (together, Defendants).

2.      Fresenius and RCG jointly employed Laughlin as a Registered Nurse (RN) in and around Spokane, Washington and Post Falls, Idaho.

3.      Like the Putative Class Members (as defined below), Laughlin regularly worked more than 40 hours in a week.

4.      But Defendants did not pay Laughlin and the Putative Class Members for all the hours they worked.

5.      Instead, Defendants automatically deducted 30 minutes a day from these employees' work time for so-called meal breaks.

6.      Laughlin and the Putative Class Members were thus not paid for that time.

7.      But Defendants failed to provide Laughlin and the Putative Class Members with *bona fide* meal breaks.

8.      And Laughlin and the Putative Class Members did not actually receive *bona fide* meal breaks.

9.      Instead, Defendants required Laughlin and the Putative Class Members to remain on-duty and performing compensable work throughout their shifts and

ORIGINAL CLASS ACTION COMPLAINT - 2



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

continuously subjected them to work-related interruptions during their unpaid "meal breaks."

10.    Defendants' automatic meal break deduction policy violates the Washington Minimum Wage Act (WMWA) by depriving Laughlin and the Putative Class Members of overtime pay for all overtime hours worked, including those worked during their unpaid "meal breaks."

11.    Likewise, Defendants' automatic meal break deduction policy violates the Washington Wage Rebate Act (WWRA) because Defendants willfully withheld earned wages from Laughlin and the Putative Class Members (at their agreed hourly rates of pay) for all hours worked in a workweek, including those worked during their unpaid "meal breaks."

12.    Defendants' failure to provide Laughlin and the Putative Class Members with *bona fide* meal breaks also violates the Washington Administrative Code (WAC).

13.    Further, in addition to excluding time Laughlin and the Putative Class Members worked during their unpaid "meal breaks," Defendants also paid Laughlin and the Putative Class Members different hourly rates (or "shift differentials") depending on what type of shifts they worked.

14.    But Defendants failed to include these shift differentials in calculating Laughlin's and the Putative Class Members' regular rates of pay for overtime purposes.

15.    Defendants' shift differential pay scheme violates the WMWA by

Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

depriving Laughlin and the Putative Class Members of overtime wages at rates not less than 1.5 times their regular rates of pay – based on *all* renumeration received – for all overtime hours worked.

16. Similarly, Defendants also paid Laughlin and the Putative Class Members higher hourly rates when they worked during COVID and/or in the COVID unit ("COVID pay").

17. But Defendants failed to include these employees' COVID pay in calculating Laughlin's and the Putative Class Members' regular rates of pay for overtime purposes.

18. Defendants' COVID pay scheme violates the WMWA by depriving Laughlin and the Putative Class Members of overtime wages at rates not less than 1.5 times their regular rates of pay – based on *all* renumeration received – for all overtime hours worked.

### JURISDICTION & VENUE

19. This Court has original subject matter jurisdiction over this action pursuant to the jurisdictional provisions of the Class Action Fairness Act, 28 U.S.C. § 1332(d) (CAFA).

20. Specifically, (a) the matter in controversy exceeds $5,000,000; (b) at least one member of one member of Laughlin's Putative Class and Fresenius and/or RCG are citizens of different states; and (c) Laughlin's Putative Class exceeds 100 members.

21. This Court has specific personal jurisdiction over Fresenius and RCG

ORIGINAL CLASS ACTION COMPLAINT - 4



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

with respect to this action because Fresenius and RCG jointly employed Laughlin and the Putative Class Members in Washington.

22. Venue is proper because a substantial portion of the events or omissions giving rise to this action occurred in this District and Division. 28 U.S.C. § 1391(b)(2).

23. Specifically, Fresenius and RCG jointly employed Laughlin in and around Spokane, Washington, which is in this District and Division.

## PARTIES

24. Laughlin worked for Defendants as an RN at various hospitals in and around Spokane, Washington and Post Falls, Idaho from approximately November 2016 until April 2023.

25. Specifically, throughout her employment, Fresenius required Laughlin to work and be paid through RCG.

26. Throughout her employment, Defendants jointly classified Laughlin as non-exempt and paid her on an hourly basis.

27. Throughout her employment, Defendants subjected Laughlin to their common practice of automatically deducting 30 minutes per shift from her recorded work time for so-called "meal breaks."

28. But throughout her employment, Defendants failed to provide Laughlin with *bona fide* meal breaks, and Laughlin did not actually receive *bona fide* meal breaks.

29. Further, throughout her employment, Defendants paid Laughlin under their shift differential pay scheme, paying her different hourly rates depending on what

ORIGINAL CLASS ACTION COMPLAINT - 5



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

type of shift she worked.

30. But Defendants failed to include these shift differentials in calculating Laughlin's regular rate of pay for overtime purposes.

31. Finally, throughout her employment, Defendants paid Laughlin under their COVID pay scheme, paying her higher hourly rates when she worked during COVID and/or in the COVID unit.

32. But Defendants failed to include this COVID pay in calculating Laughlin's regular rate of pay for overtime purposes.

33. Pursuant to FED. R. CIV. P. 23, Laughlin brings this class action on behalf of herself and other similarly situated hourly, non-exempt patient care employees who worked for, or on behalf of, Fresenius through RCG who (1) were subject to Defendants' automatic meal break deduction policy, (2) were paid under Defendants' shift differential pay scheme, and/or (3) were paid under Defendants' COVID pay scheme.

34. Defendants automatically deduct 30 minutes/shifts from these employees' recorded hours worked for so-called "meal breaks."

35. But Defendants uniformly require these employees to remain on-duty and perform work throughout their shifts, including during their unpaid "meal breaks."

36. Thus, Defendants uniformly fail to provide and ensure these employees actually receive *bona fide* meal breaks in violation of the WAC.



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

37.   Defendants uniformly pay these employees shift differentials that Defendants fail to include in calculating their regular rates of pay for overtime purposes.

38.   Defendants uniformly pay these employees COVID pay that Defendants fail to include in calculating their regular rates of pay for overtime purposes.

39.   Thus, Defendants uniformly deprive these employees of overtime pay at the proper premium rate (based on all renumeration received) for all overtime hours worked in violation of the WMWA.

40.   Likewise, Defendants willfully withhold earned wages from these employees (at their agreed hourly rates) for all hours worked in violation of the WWRA.

41.   The Putative Class of similarly situated employees is defined as:

> **All hourly, non-exempt employees who worked for, or on behalf of, Fresenius through RCG in Washington who received (1) a meal period deduction, (2) shift differentials, and/or (3) COVID pay at any time during the past 3 years ("Putative Class Members" or "Putative Class").**

42.   Fresenius is a New York corporation that maintains its headquarters in Waltham, Massachusetts.

43.   Fresenius may be served with process by serving its registered agent: **CT Corporation System, 711 Capitol Way South, Suite 204, Olympia, Washington**



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa  99201
P 509.321.5930 / F 509.321.5935

**98501-1267**.

44.    RCG is a wholly owned subsidiary of Fresenius.

45.    RCG is a Delaware corporation that maintains its headquarters in Waltham, Massachusetts.

46.    RCG may be served with process by serving its registered agent: **The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801**.

FACTS

47.    Fresenius bills itself as "the world's leading provider of products and services for individuals with renal diseases."[1]

48.    "Through [its] network of more than 4,100 dialysis clinics, [Fresenius] provide[s] dialysis treatments to approximately 345,000 patients worldwide[,]"[2] including in Washington.

49.    In 2006, Fresenius acquired RCG, and, throughout the relevant period, RCG has been Fresenius's wholly owned subsidiary.[3]

---

[1] https://www.freseniusmedicalcare.com/en/about-us/company-profile (last visited June 20, 2023).

[2] *Id.*

[3] https://www.fresenius.com/node/4677 (last visited June 20, 2023); https://www.freseniusmedicalcare.com/en/about-us/history ("2006: Fresenius Medical Care acquired the U.S. dialysis care provider Renal Care Group, Inc. Through its network of around 2,000 dialysis clinics around the worlds, the company provides dialysis treatments to approximately 157,000 patients.") (last visited June 20, 2023).

ORIGINAL CLASS ACTION COMPLAINT - 8



50. As RCG explained, its acquisition by Fresenius "result[ed] in the creation of the largest provider of dialysis services in the United States."[4]

51. To complete their shared business objective of providing dialysis services to patients across the United States (including in Washington), Fresenius hires patient care workers (including Laughlin and the Putative Class Members) through RCG to provide dialysis and patient care services to the various healthcare facilities and clinics that Fresenius owns, operates, and/or otherwise contracts with.

52. Fresenius uniformly misclassifies the patient care employees who work in its healthcare facilities and clinics through RCG (including Laughlin and the Putative Class Members) as independent contractors.

53. But Fresenius does not hire these workers (including Laughlin and the Putative Class Members) on a project-by-project basis.

54. Rather, Fresenius hires and treats these workers (including Laughlin and the Putative Class Members) just like regular employees.

55. Indeed, despite uniformly misclassifying Laughlin and the Putative Class Members as independent contractors, Fresenius, jointly with RCG, controls all meaningful aspects of these patient care workers' jobs.

56. Fresenius wholly controls RCG and the patient care employees who

---

[4] https://www.sec.gov/Archives/edgar/data/920052/000095014405004955/g95056bdefa14a.htm (RCG's proxy statement filed with the SEC regarding its acquisition by Fresenius) (last visited June 20, 2023).

Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

work at Fresenius clinics through RCG, including Laughlin and the Putative Class Members.

57.     In fact, Fresenius requires Laughlin and the Putative Class Members to work and be paid through RCG as a condition of their employment with Fresenius.

58.     Further, Fresenius and RCG have shared or common ownership and/or management.

59.     Fresenius and RCG have shared or common ownership of the facilities and clinics at which Laughlin and the Putative Class Members work.

60.     Fresenius and RCG have a shared a corporate headquarters in Waltham, Massachusetts.

61.     Fresenius and RCG have a shared and/or centralized human resource department.

62.     Fresenius and RCG jointly control Laughlin's and the Putative Class Members' rates and methods of pay.

63.     Fresenius and RCG jointly control Laughlin's and the Putative Class Members' schedules and assignments.

64.     Fresenius and RCG jointly control Laughlin's and the Putative Class Members' patient care work.

65.     Fresenius and RCG jointly require Laughlin and the Putative Class Members to follow Fresenius's and RCG's policies, procedures, and protocols.

66.     Laughlin's and the Putative Class Members' patient care and dialysis

ORIGINAL CLASS ACTION COMPLAINT - 10



work must strictly adhere to the uniform quality standards put in place by Fresenius and RCG.

67.     Indeed, upon hiring, Fresenius and RCG jointly require all the patient care employees who work in Fresenius's healthcare facilities and clinics through RCG, including Laughlin and the Putative Class Members, to complete trainings on Fresenius's specific policies, procedures, and protocols to ensure their work conforms to the same.

68.     Laughlin and the Putative Class Members are not required to possess any unique or specialized skillset (other than that maintained by all other workers in their respective positions) to perform their job duties.

69.     Indeed, the daily and weekly activities of Laughlin and the Putative Class Members are routine and largely governed by standardized plans, procedures, and checklists created by Fresenius and RCG.

70.     Virtually every job function is predetermined by Fresenius and RCG, including the tools and equipment used, the schedule of work, and related work duties.

71.     Fresenius and RCG prohibit Laughlin and the Putative Class Members from varying their job duties outside of the predetermined parameters and require Laughlin and the Putative Class Members to follow Fresenius's and RCG's policies, procedures, and directives.

72.     Fresenius and RCG prohibit Laughlin and Putative Class Members from straying from Fresenius's and RCG's procedures, plans, protocols, and specifications.

ORIGINAL CLASS ACTION COMPLAINT - 11



73.     Without the patient care and dialysis work performed by Laughlin and the Putative Class Members, Fresenius and RCG would not be able to complete their common business objective of providing dialysis services to patients across the United States (including in Washington).

74.     Thus, Laughlin's and the Putative Class Members' work is integral to, and simultaneously benefits, Fresenius's and RCG's shared business.

75.     Laughlin and the Putative Class Members rely on Fresenius and RCG for work and compensation.

76.     Laughlin and the Putative Class Members do not substantially invest in the tools required to complete the overall job to which they are assigned.

77.     Rather, Fresenius and RCG incur the large-scale business and operating expenses like marketing, payroll, dialysis equipment, tools, clinics, and materials.

78.     At all relevant times, Fresenius and RCG jointly maintained control, oversight, and direction of Laughlin and the Putative Class Members, including, but not limited to, hiring, firing, disciplining, and other employment practices.

79.     At all relevant times, Fresenius and RCG jointly possessed the authority to hire, fire, and discipline Laughlin and the Putative Class Members.

80.     At all relevant times, Fresenius and RCG jointly supervised and controlled Laughlin's and the Putative Class Members' schedules, rate and method of pay, work, and other conditions of their employment.

81.     At all relevant times, Fresenius and RCG jointly maintained employment



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

records for Laughlin and the Putative Class Members.

82.    In sum, at all relevant times, Fresenius and RCG jointly employed the patient care employees who work in Fresenius's healthcare facilities and clinics through RCG, including Laughlin and the Putative Class Members.

83.    Defendants uniformly classify the patient care employees who work in Fresenius's healthcare facilities and clinics through RCG, including Laughlin and the Putative Class Members, as non-exempt and pay them on an hourly basis.

84.    While exact job titles and job duties may differ, these employees are subjected to the same or similar illegal pay practices for similar work.

85.    For example, Laughlin worked for Defendants as an RN in and around Spokane, Washington and Post Falls, Idaho from approximately November 2016 until April 2023.

86.    As an RN, Laughlin's primary responsibilities included providing direct patient care to dialysis patients, overseeing dialysis treatments to patients, prepping patients for dialysis, checking vitals, charting patients' treatments, responding to any emergencies, and generally assisting with dialysis and other healthcare treatments.

87.    Throughout her employment, Defendants jointly classified Laughlin as non-exempt and paid her on an hourly basis.

88.    Throughout her employment, Defendants jointly subjected Laughlin to their common practice of automatically deducting 30 minutes from her recorded hours worked and wages each shift for meal breaks, regardless of whether she actually

ORIGINAL CLASS ACTION COMPLAINT - 13



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

received a *bona fide* meal break.

89.     But throughout her employment, Defendants failed to provide, and Laughlin did not actually receive, *bona fide* meal breaks.

90.     Throughout her employment, Defendants jointly paid Laughlin different hourly rates ("shift differentials") depending on what type of shifts she worked.

91.     But throughout her employment, Defendants jointly failed to include Laughlin's shift differentials in calculating Laughlin's regular rate of pay for overtime purposes.

92.     Throughout her employment, Defendants jointly paid Laughlin COVID pay when she worked during COVID and/or in the COVID unit.

93.     But throughout her employment, Defendants failed to include Laughlin's COVID pay in calculating her regular rate of pay for overtime purposes.

94.     Laughlin and the Putative Class Members perform their jobs under Defendants' joint supervision and use materials, equipment, and technology jointly approved and supplied by Defendants.

95.     Defendants require Laughlin and the Putative Class Members to follow and abide by common work, time, pay, and overtime policies and procedures in the performance of their jobs.

96.     At the end of each pay period, Laughlin and the Putative Class Members receive wages from Defendants that are determined by common systems and methods

ORIGINAL CLASS ACTION COMPLAINT - 14



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

that Defendants jointly select and control.

97. Defendants require their hourly, non-exempt patient care employees, including Laughlin and the Putative Class Members, to record their hours worked using Defendants' timeclock system.

98. Further, Defendants subject their hourly, non-exempt patient care employees, including Laughlin and the Putative Class Members, to a common policy and practice of automatically deducting time from these employees' recorded hours worked for meal periods.

99. Defendants automatically deduct this time regardless of Laughlin and the Putative Class Members actually receive a full, uninterrupted, 30-minute meal period.

100. Indeed, Defendants simply assume Laughlin and the Putative Class Members receive a *bona fide* meal break each shift they work.

101. But Defendants jointly fail to provide Laughlin and the Putative Class Members with *bona fide* meal periods.

102. And Laughlin and the Putative Class Members do not actually receive *bona fide* meal breaks.

103. Instead, Defendants jointly require Laughlin and the Putative Class Members to remain on-duty and perform compensable work throughout their shifts, and Defendants continuously subject these employees to work interruptions during their unpaid meal periods.

ORIGINAL CLASS ACTION COMPLAINT - 15



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

104. Indeed, because of these constant work interruptions, Laughlin and the Putative Class Members are not free to engage in personal activities during their unpaid meal periods.

105. Rather, during their unpaid "meal breaks," Laughlin and the Putative Class Members are necessarily forced to substantially perform their regular patient care job duties and responsibilities.

106. Thus, Laughlin and the Putative Class Members routinely spend their unpaid "meal breaks" performing work for Defendants' – not these employees' – shared predominant benefit.

107. This unpaid time is compensable under the WMWA because Defendants knew, or should have known, that (1) Laughlin and the Putative Class Members were performing unpaid work during their "meal breaks," (2) they were interrupted or subject to interruptions with work duties during any attempted meal period, (3) they were not completely relieved of all duties during their "meal breaks," (4) they entirely skipped the meal period due to work demands, (5) the meal period was less than 30 consecutive minutes, (6) they were not free to engage in personal activities during their meal periods because of constant interruptions, (7) they remained on Defendants' premises, and/or (8) they predominantly spent their unpaid meal periods performing their regular patient care duties for Defendants' shared predominant benefit.

108. The unpaid time is also compensable under the WWRA because



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

Defendants jointly agreed to pay Laughlin and the Putative Class Members hourly rates of pay for all time they worked, and Defendants willfully withheld earned wages from these employees for these on-duty "meal breaks."

109. Defendants jointly failed to exercise their shared duty to ensure Laughlin and the Putative Class Members were not performing work that Defendants did not want performed during their unpaid "meal breaks."

110. Defendants knew Laughlin and the Putative Class Members routinely perform work "off the clock" during their unpaid meal breaks because Defendants jointly expect and require these employees to do so.

111. Despite accepting the benefits, Defendants did not pay Laughlin and the Putative Class Members for the compensable work they performed during their "meal breaks."

112. Thus, under Defendants' uniform automatic meal break deduction policy, Laughlin and the Putative Class Members are denied overtime pay for those on-duty "meal breaks" in workweeks in which they worked in excess of 40 hours in violation of the WMWA.

113. Likewise, under Defendants' uniform automatic meal break deduction policy, Defendants willfully withhold "straight time" wages for those on-duty "meal breaks" from Laughlin and the Putative Class Members in workweeks in which they worked fewer than 40 hours in violation of the WWRA.

114. And Defendants uniformly fail to provide and ensure Laughlin and the



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

Putative Class Members actually receive *bona fide* meal breaks in violation of the WAC.

115.     Further, in addition to excluding time from these employees' wages for "meal breaks," Defendants also paid Laughlin and the Putative Class Members shift differentials depending on what type of shifts they work.

116.     But Defendants jointly failed to include these shift differentials in calculating Laughlin's and the Putative Class Members' regular rates of pay for overtime purposes.

117.     Defendants' shift differential pay scheme violates the WMWA by depriving Laughlin and the Putative Class Members of overtime wages at rates not less than 1.5 times their regular rates of pay – based on *all* renumeration received – for all overtime hours worked.

118.     Similarly, Defendants also paid Laughlin and the Putative Class Members COVID pay when they worked during COVID and/or in the COVID unit.

119.     But Defendants jointly failed to include this COVID pay in calculating Laughlin's and the Putative Class Members' regular rates of pay for overtime purposes.

120.     Defendants' COVID pay scheme violates the WMWA by depriving Laughlin and the Putative Class Members of overtime wages at rates not less than 1.5 times their regular rates of pay – based on *all* renumeration received – for all overtime hours worked.

121.     Laughlin worked more than 40 hours in at least one workweek during



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa  99201
P 509.321.5930 / F 509.321.5935

the 3 years before this Complaint was filed.

122.   Likewise, each Putative Class Member worked more than 40 hours in at least one workweek during the 3 years before this Complaint was filed.

123.   Indeed, throughout the relevant period, Laughlin and the Putative Class Members typically worked 12- to 16-hour shifts for at least 4 days a week.

124.   And Laughlin and the Putative Class Members regularly are also required to work "off the clock" during their unpaid meal breaks to complete their job duties and patient care responsibilities.

125.   As a result, Laughlin and the Putative Class Members routinely work in excess of 40 hours in a typical workweek.

126.   When Laughlin and the Putative Class Members worked more than 40 hours in a workweek, Defendants did not pay them overtime wages at rates not less than 1.5 times their regular rates for all overtime hours worked because Defendants failed to include: (1) time these employees worked "off the clock" during their unpaid meal breaks in their total number of hours worked in a given workweek, (2) these employees' shift differentials in calculating their regular rates of pay for overtime purposes, and/or (3) these employees' COVID pay in calculating their regular rates of pay for overtime purposes in violation of the WMWA.

127.   Likewise, when Laughlin and the Putative Class Members worked fewer than 40 hours in workweek, Defendants willfully withheld their "straight time" pay at their regular hourly rates for all hours worked because Defendants failed to include

ORIGINAL CLASS ACTION COMPLAINT - 19



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane,Wa  99201
P 509.321.5930 / F 509.321.5935

time these employees worked "off the clock" during their meal breaks in their total number of hours worked in a given workweek in violation of the WWRA.

128. Finally, Defendants jointly failed to provide and ensure Laughlin and the Putative Class Members actually received *bona fide* meal periods during which they were completely relieved of all job duties in violation of the WAC.

**CLASS ACTION ALLEGATIONS**

129. Laughlin brings her Washington labor law claims as a class action on behalf of herself and the Putative Class Members pursuant to FED. R. CIV. P. 23.

130. The Putative Class Members were victimized by Defendants' patterns, practices, and/or policies, which are in willful violation of Washington labor laws.

131. Other Putative Class Members worked with Laughlin and indicated they were paid in the same manner, performed similar work, and were subject to Defendants' same meal break deduction policy, shift differential pay scheme, and/or COVID pay scheme.

132. Based on her experience with Defendants, Laughlin is aware Defendants' illegal practices were imposed on the Putative Class Members.

133. The Putative Class Members are similarly situated in all relevant respects.

134. The Putative Class Members were all subject to (1) Defendants' meal break deduction policy, (2) Defendants' shift differential pay scheme, and/or (3) Defendants' COVID pay scheme, all of which deprived these employees of wages, including overtime pay at the proper premium rate, for all hours worked, including

ORIGINAL CLASS ACTION COMPLAINT - 20



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane,Wa 99201
P 509.321.5930 / F 509.321.5935

those worked in excess of 40 hours in a workweek.

135. Even if their precise job duties and locations might vary somewhat, these differences do not matter for the purposes of determining their entitlement to overtime.

136. Therefore, the specific job titles or precise job locations of the various members of the Putative Class do not prevent class treatment.

137. Rather, the Putative Class is held together by (1) Defendants' uniform meal break deduction policy, (2) Defendants' uniform shift differential pay scheme, and/or (3) Defendants' uniform COVID pay scheme that systematically deprived Laughlin and the Putative Class Members of wages, including overtime pay at the proper premium rate, for all hours worked, including those hours worked in excess of 40 hours in a workweek.

138. Defendants' failure to pay wages and overtime compensation as required by Washington labor laws results from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Putative Class Members.

139. The Putative Class Members are similarly denied *bona fide* meal breaks.

140. The Putative Class Members are similarly denied "straight time" pay when they worked fewer than 40 hours in a workweek.

141. The Putative Class Members are similarly denied overtime pay when they work more than 40 hours per week.

ORIGINAL CLASS ACTION COMPLAINT - 21



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

142.    Defendants similarly willfully withhold earned wages from the Putative Class Members for the compensable work they perform during their unpaid "meal breaks."

143.    The back wages owed to Laughlin and the Putative Class Members will be calculated using the same records and using the same formula.

144.    Laughlin's experiences are therefore typical of the experiences of the Putative Class Members.

145.    Laughlin has no interest contrary to, or in conflict with, the Putative Class Members.

146.    Like each Putative Class Member, Laughlin has an interest in obtaining the unpaid wages owed to them under Washington law.

147.    A class action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

148.    Absent this class action, many Putative Class Members likely will not obtain redress for their injuries, and Defendants will reap the unjust benefits of violating Washington labor laws.

149.    Further, even if some of the Putative Class Members could afford individual litigation against Defendants, it would be unduly burdensome to the judicial system.

150.    Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual Putative Class Members and provide for



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

judicial consistency.

151.    The questions of law and fact that are common to each member of the Putative Class predominate over any questions affecting solely the individual members.

152.    Among the common questions of law and fact are:

a.    Whether Defendants jointly employed Laughlin and the Putative Class Members;

b.    Whether Defendants engaged in a policy and practice of time deductions for meal periods that were not *bona fide*, continuous, and uninterrupted in violation of Washington labor laws;

c.    Whether Defendants' automatic meal break deduction policy deprived Laughlin and the Putative Class Members of pay for time worked during meal periods that were not *bona fide*, continuous, and uninterrupted in violation of Washington labor laws;

d.    Whether Defendants failed to pay Laughlin and the Putative Class Members overtime wages for all hours worked in excess of 40 hours in a workweek, including hours worked during missed and interrupted meal breaks, in violation of the WMWA;

e.    Whether Defendants willfully withheld Laughlin's and the Putative Class Members' earned "straight time" wages at their

ORIGINAL CLASS ACTION COMPLAINT - 23



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

agreed hourly rates for all hours worked because Defendants failed to include time these employees worked during their meal breaks in their total number of hours worked in a given workweek in violation of the WWRA;

f.    Whether Defendants knew, or had reason to know, Laughlin and the Putative Class Members were requested, suffered, permitted, or allowed to work during their unpaid meal breaks in violation of Washington labor laws;

g.    Whether Defendants failed to ensure Laughlin and the Putative Class Members actually received *bona fide* meal periods in violation of the WAC;

h.    Whether Defendants failed to include Laughlin's and the Putative Class Members' shift differentials in calculating these employees' regular rates of pay for overtime purposes in violation of the WMWA;

i.    Whether Defendants failed to include Laughlin's and the Putative Class Members' COVID pay in calculating these employees' regular rates of pay for overtime purposes in violation of the WMWA;

j.    Whether Defendants' violations of Washington labor laws resulted from a continuing course of conduct;



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

k.  Whether Defendants' decision not to pay Laughlin and the Putative Class Members overtime compensation at the proper premium rate for all overtime hours worked as made in good faith;

l.  Whether Defendants' decision to willfully withhold Laughlin's and the Putative Class Members' earned wages was made in good faith; and

m.  Whether Defendants' violations of Washington labor laws were willful.

153.  Laughlin and the Putative Class Members sustained damages arising out of Defendants' illegal and uniform employment policies.

154.  Even if the issue of damages were somewhat individual in character, the damages can be calculated by reference to Defendants' records, and there is no detraction from the common nucleus of liability facts.

155.  Therefore, the issue of damages does not preclude class treatment.

156.  Laughlin knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class action.

157.  Defendants are jointly liable under the WMWA for failing to pay Laughlin and the Putative Class Members overtime wages at the proper premium rate for all overtime hours worked.



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

158. Defendants are jointly liable under the WWRA for willfully withholding earned wages from Laughlin and the Putative Class Members.

159. Defendants are jointly liable under the WAC for failing to provide Laughlin and the Putative Class Members with *bona fide* meal periods.

160. Consistent with Defendants' illegal automatic meal break deduction policy, Defendants willfully withheld Laughlin's and the Putative Class Members' earned wages for those on-duty meal breaks during workweeks in which they work fewer than 40 hours.

161. Consistent with Defendants' illegal automatic meal break deduction policy, Laughlin and the Putative Class Members were not paid overtime compensation for all overtime hours worked during workweeks in which they work in excess of 40 hours.

162. Consistent with Defendants' illegal shift differential pay scheme, Laughlin and the Putative Class Members were not paid overtime compensation at the proper premium rate (based on all renumeration received) during workweeks in which they work in excess of 40 hours.

163. Consistent with Defendants' illegal COVID pay scheme, Laughlin and the Putative Class Members were not paid overtime compensation at the proper premium rate (based on all renumeration received) during workweeks in which they work in excess of 40 hours.

164. As part of their shared regular business practices, Defendants

Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating Washington labor laws with respect to Laughlin and the Putative Class Members.

165.     Defendants' illegal meal break deduction policy deprived Laughlin and the Putative Class Members of wages for all hours worked, including those worked in excess of 40 hours in a workweek, which they are owed under Washington law.

166.     Defendants' illegal shift differential pay scheme deprived Laughlin and the Putative Class Members of overtime wages at the proper premium rate (based on all renumeration received), which they are owed under Washington law.

167.     Defendants' illegal COVID pay scheme deprived Laughlin and the Putative Class Members of overtime wages at the proper premium rate (based on all renumeration received), which they are owed under Washington law.

**DEFENDANTS' VIOLATIONS OF WASHINGTON LABOR LAWS WERE WILLFUL AND/OR DONE IN RECKLESS DISREGARD FOR WASHINGTON LABOR LAWS**

168.     Laughlin realleges and incorporates all other paragraphs by reference.

169.     Defendants knew they jointly employed Laughlin and the Putative Class Members.

170.     Defendants knew Laughlin and the Putative Class Members are non-exempt employees entitled to overtime because Defendants uniformly classified and paid them as such.

171.     Defendants knew Laughlin and the Putative Class Members were paid

Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

on an hourly basis because Defendants jointly dictated and controlled the same.

172. Defendants knew Laughlin and the Putative Class Members worked more than 40 hours in at least one workweek during the relevant statutory period because Defendants jointly required these employees to record their hours worked using Defendants' timeclock system.

173. Defendants knew they were subject to the WMWA, including its overtime provisions.

174. Defendants knew the WMWA requires them to pay employees, including Laughlin and the Putative Class Members, overtime wages at rates not less than 1.5 times these employees' regular rates of pay – based on all renumeration received – for all hours worked in excess of 40 hours in a workweek.

175. Defendants knew they paid Laughlin and the Putative Class Members shift differentials depending on what types of shifts these employees worked.

176. Defendants knew they excluded Laughlin's and the Putative Class Members' shift differentials in calculating these employees' regular rates of pay for overtime purposes.

177. Defendants knew they were required to include Laughlin's and the Putative Class Members' shift differentials in calculating these employees' regular rates of pay for overtime purposes.

178. Nonetheless, Defendants failed to include Laughlin's and the Putative Class Members' shift differentials in calculating these employees' regular rates of pay

ORIGINAL CLASS ACTION COMPLAINT - 28



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

for overtime purposes.

179.   Defendants knew they paid Laughlin and the Putative Class Members COVID pay.

180.   Defendants knew they excluded Laughlin's and the Putative Class Members' COVID pay in calculating these employees' regular rates of pay for overtime purposes.

181.   Defendants knew they were required to include Laughlin's and the Putative Class Members' COVID pay in calculating these employees' regular rates of pay for overtime purposes.

182.   Nonetheless, Defendants failed to include Laughlin's and the Putative Class Members' COVID pay in calculating these employees' regular rates of pay for overtime purposes.

183.   Thus, Defendants knew, or should have known, that they failed to pay Laughlin and the Putative Class Members overtime wages at the proper premium rate – based on *all* renumeration received – in violation of the WMWA.

184.   Defendants' failure to pay Laughlin and the Putative Class Members overtime wages at the proper premium rate was neither reasonable, nor was the decision not to pay these employees overtime wages at the proper premium rate – based on *all* renumeration received – made in good faith.

185.   Defendants knew they were subject to the WWRA.

186.   Defendants knew the WWRA prohibited them from willfully



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

withholding earned wages from employees, including Laughlin and the Putative Class Members.

187.    Defendants knew the WMWA and WWRA required them to pay Laughlin and the Putative Class Members for all hours these employees performed compensable work.

188.    Defendants knew the WAC required them to provide and ensure Laughlin and the Putative Class Members actually received *bona fide* meal breaks, during which these employees are totally relieved of work duties.

189.    Defendants knew they failed to provide Laughlin and the Putative Class Members with *bona fide* meal breaks.

190.    Defendants knew Laughlin and the Putative Class Members did not actually receive *bona fide* meal breaks.

191.    Thus, Defendants knew, or should have known, they failed to provide and ensure Laughlin and the Putative Class Members actually received *bona fide* meal breaks, during which these employees are totally relieved of work duties, in violation of the WAC.

192.    Defendants knew they automatically deducted 30 minutes per shift from Laughlin's and the Putative Class Members' recorded work time for "meal breaks."

193.    Defendants knew they automatically deducted 30 minutes per shift from Laughlin's and the Putative Class Members' recorded work time for "meal breaks," regardless of whether they actually received *bona fide* meal breaks.

ORIGINAL CLASS ACTION COMPLAINT - 30



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

194. Defendants knew Laughlin and the Putative Class Members regularly worked during their unpaid meal breaks because Defendants expected and required them to do so.

195. Defendants knew Laughlin and the Putative Class Members regularly spent their meal breaks substantially performing their normal patient care job duties for Defendants' common predominant benefit.

196. Defendants knew that, as Laughlin's and the Putative Class Members' joint employers, they both had a duty to ensure these employees were not performing work that Defendants did not want performed during their unpaid "meal breaks."

197. Defendants knew Laughlin and the Putative Class Members performed compensable work during their unpaid meal breaks.

198. Defendants knew they did not pay Laughlin and the Putative Class Members for all hours these employees performed compensable work, including during their unpaid meal breaks.

199. Thus, Defendants knew, or should have known, that they failed to pay Laughlin and the Putative Class Members overtime wages for all overtime hours worked in violation of the WMWA.

200. Likewise, Defendants knew, or should have known, that they willfully withheld earned wages from Laughlin and the Putative Class Members for all hours worked, including hours worked during their unpaid meal breaks, in violation of the WWRA.

ORIGINAL CLASS ACTION COMPLAINT - 31

201.    Defendants' failure to pay Laughlin and the Putative Class Members overtime compensation for all overtime hours worked was neither reasonable, nor was the decision not to pay these employees overtime compensation for all overtime hours worked made in good faith.

202.    Likewise, Defendants' decision to willfully withhold earned wages from Laughlin and the Putative Class Members was neither reasonable, nor was Defendants' decision to willfully withhold earned wages from these employees made in good faith.

203.    Defendants knowingly, willfully, and/or in reckless disregard carried out these illegal policies that deprived Laughlin and the Putative Class Members of wages, including overtime compensation at the proper premium rate, for all hours worked, including those hours worked in excess of 40 hours in a workweek, in violation of the WMWA and/or WWRA.

204.    Likewise, Defendants knowingly, willfully, and/or in reckless disregard carried out these illegal policies that deprived Laughlin and the Putative Class Members of *bona fide* meal periods in violation of the WAC.

### COUNT I
### FAILURE TO PAY OVERTIME UNDER THE WMWA

205.    Laughlin realleges and incorporates all other paragraphs by reference.

206.    Laughlin brings her WMWA claim as a class action on behalf of herself and the Putative Class Members pursuant to FED. R. CIV. P. 23.

Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa  99201
P 509.321.5930 / F 509.321.5935

207. The conduct alleged violates the WMWA, REV. CODE WASH. CH. 49.46, *et seq.*

208. At all relevant times, Fresenius was an "employer" subject to the requirements of the WMWA.

209. At all relevant times, RCG was an "employer" subject to the requirements of the WMWA.

210. At all relevant times, Defendants jointly employed Laughlin and the Putative Class Members as "employees" within the meaning of the WMWA.

211. The WMWA requires employers, like Defendants, to pay employees, including Laughlin and the Putative Class Members, overtime wages at rates not less than 1.5 times their regular rates of pay for all hours worked in excess of 40 hours in any one workweek. *See* REV. CODE WASH. § 49.46.130

212. Laughlin and the Putative Class Members are entitled to overtime pay under the WMWA.

213. Defendants violated, and are violating, the WMWA by failing to pay Laughlin and the Putative Class Members overtime compensation at the proper premium rate (based on all renumeration received) for all hours worked in excess of 40 in a workweek, including those hours worked during these employees' unpaid meal breaks. *See* REV. CODE WASH. § 49.46.130(1).

214. Laughlin and the Putative Class Members have been harmed as a direct and proximate result of Defendants' unlawful conduct because they have been



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

deprived of wages owed for work that they performed and from which Defendants derived a direct and substantial benefit.

215.    Defendants knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Laughlin and the Putative Class Members overtime compensation at the proper premium rate for all overtime hours worked.

216.    Defendants' failure to pay Laughlin and the Putative Class Members overtime compensation at the proper premium rate for all overtime hours worked was neither reasonable, nor was Defendants' decision not to pay these employees overtime compensation at the proper premium rate for all overtime hours worked made in good faith.

217.    Accordingly, Laughlin and the Putative Class Members are entitled to recover their unpaid overtime wages (REV. CODE WASH. § 49.46.090), plus an equal amount as liquidated damages (REV. CODE WASH. § 49.52.070), pre- and post-judgment interest at a rate of 12% per annum (REV. CODE WASH. § 19.52.020), and attorney's fees and costs (REV. CODE WASH. § 49.48.030).

## COUNT II
### WILLFULLY WITHHOLDING EARNED WAGES UNDER THE WWRA

218.    Laughlin realleges and incorporates all other paragraphs by reference.

219.    Laughlin brings her WWRA claim as a class action on behalf of herself and the Putative Class Members pursuant to FED. R. CIV. P. 23.

220.    The conduct alleged violates the WWRA, REV. CODE WASH. CH. 49.52,



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa  99201
P 509.321.5930 / F 509.321.5935

*et seq.*

221.   At all relevant times, Fresenius was an "employer" subject to the requirements of the WWRA.

222.   At all relevant times, RCG was an "employer" subject to the requirements of the WWRA.

223.   At all relevant times, Defendants jointly employed Laughlin and the Putative Class Members as "employees" within the meaning of the WWRA.

224.   The WWRA prohibits employers, like Defendants, from willfully withholding "any part of [an employee's] wage" and from paying "any employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance or contract." Rev. Code Wash. § 49.52.050.

225.   During the course of their employment, Defendants agreed to pay Laughlin and each Putative Class Member an hourly rate for all hours worked under and up to 40 hours in a workweek.

226.   Laughlin and each Putative Class Member accepted Defendants' offer.

227.   But during the course of their employment, Defendants willfully withheld earned wages from Laughlin and the Putative Class Members (at the rates Defendants agreed to pay them) for all hours they worked because Defendants deducted 30 minutes/shift from these employees' recorded hours worked for so-called "meal breaks" that were not *bona fide*.

228.   Defendants violated, and are violating, the WWRA by willfully

Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa  99201
P 509.321.5930 / F 509.321.5935

withholding earned wages from Laughlin and the Putative Class Members. *See* Rev. Code Wash. § 49.52.050.

229. Laughlin and the Putative Class Members have been harmed as a direct and proximate result of Defendants' unlawful conduct because they have been deprived of wages owed for work that they performed and from which Defendants derived a direct and substantial benefit.

230. Defendants knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of willfully withholding earned wages from Laughlin and the Putative Class Members.

231. Defendants' decision to willfully withhold earned wages from Laughlin and the Putative Class Members was neither reasonable, nor was Defendants' decision to willfully withhold wages earned from Laughlin and the Putative Class Members made in good faith.

232. Accordingly, Laughlin and the Putative Class Members are entitled to recover their unpaid "straight time" compensation (at their agreed hourly rates), plus exemplary damages in an amount equal to 2 times their willfully withheld wages (Rev. Code Wash. § 49.52.070), attorney's fees and costs (Rev. Code Wash. § 49.48.030), as well as pre- and post-judgment interest at a rate of 12% per annum (Rev. Code Wash. § 19.52.020).

## Count III
### Failure to Provide *Bona Fide* Meal Breaks Under the WAC

233. Laughlin realleges and incorporates all other paragraphs by reference.



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

234.    Laughlin brings her WAC meal break claims as a class action on behalf of herself and the Putative Class Members pursuant to FED. R. CIV. P. 23.

235.    The conduct alleged violates the meal break requirements of the WAC, WASH. ADMIN. CODE § 296-126-092

236.    At all relevant times, Fresenius was an "employer" subject to the requirements of the WAC.

237.    At all relevant times, RCG was an "employer" subject to the requirements of the WAC.

238.    At all relevant times, Defendants jointly employed Laughlin and the Putative Class Members as "employees" within the meaning of the WAC.

239.    The WAC requires employers, like Defendants, to provide employees, including Laughlin and the Putative Class Members, meal periods of at least 30 minutes which commence no less than two hours nor more than five hours from the beginning of the employee's shift. *See* WASH. ADMIN. CODE § 296-126-092.

240.     The WAC further mandates that meal periods shall be paid when the employee is required by the employer to remain on duty, on the premises, or at a prescribed work site in the interest of the employer(s). *See* WASH. ADMIN. CODE § 296-126-092.

241.    Throughout the relevant period, Defendants expected and required Laughlin and the Putative Class Members to be available and perform compensable work during their unpaid meal breaks.

ORIGINAL CLASS ACTION COMPLAINT - 37



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane,Wa  99201
P 509.321.5930 / F 509.321.5935

242. Because Laughlin and the Putative Class Members were not relieved of all duties during their meal breaks but instead were subject to constant work interruptions, Defendants violated, and continue to violate, the WAC when they automatically deduct 30 minutes from these employees' recorded work time and wages when they work during meal periods that were not *bona fide*, continuous, and uninterrupted. *See* WASH. ADMIN. CODE § 296-126-092.

243. Laughlin and the Putative Class Members have been harmed as a direct and proximate result of Defendants' unlawful conduct because they have been deprived of wages owed for work that they performed and from which Defendants derived a direct and substantial benefit.

244. Accordingly, Laughlin and the Putative Class Members are entitled to recover penalties in an amount not less than $25 nor more than $1,000 per violation (WASH. ADMIN. CODE § 296-126-226; REV. CODE WASH. §49.12.170), attorney's fees and costs (REV. CODE WASH. § 49.48.030), as well as pre- and post-judgment interest at a rate of 12% per annum (REV. CODE WASH. § 19.52.020).

### JURY DEMAND

245. Pursuant to F.R.C.P. 38, Laughlin demands a trial by jury.

### RELIEF SOUGHT

WHEREFORE, Laughlin, individually and on behalf of the Putative Class Members, seeks the following relief:

a. An Order designating this lawsuit as a class action pursuant to

ORIGINAL CLASS ACTION COMPLAINT - 38



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

Fed. R. Civ. P. 23;

b.     An Order appointing Laughlin and her counsel to represent the interests of the Putative Class;

c.     An Order finding Defendants jointly liable to Laughlin and the Putative Class Members for their unpaid overtime compensation owed under the WMWA, plus liquidated damages in an amount equal to their unpaid compensation;

d.     An Order finding Defendants jointly liable to Laughlin and the Putative Class Members for willfully withholding wages owed under the WWRA, plus exemplary damages in an amount equal to 2 times their willfully withheld wages;

e.     An Order finding Defendants jointly liable to Laughlin and the Putative Class Members for failing to provide and ensure these employees received *bona fide* meal breaks in compliance with the WAC;

f.     Judgment awarding Laughlin and the Putative Class Members all unpaid wages, penalties, and other damages available under the WMWA, WWRA, and WAC;

g.     An Order awarding attorney's fees, costs, and expenses;

h.     Pre- and post-judgment interest at the highest applicable rates; and



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa  99201
P 509.321.5930 / F 509.321.5935

i.     Such other and further relief as may be necessary and
appropriate.

Date: June 22, 2023                    Respectfully submitted,

                                       **PISKEL YAHNE KOVARIK, PLLC**

                                       By: _/s/ Nicholas Kovarik_
                                           Nicholas D. Kovarik, WSBA #35462
                                           nick@pyklawyers.com
                                           522 W. Riverside Ave., Suite 700
                                           Spokane, Washington 99201
                                           Telephone:     509.321.5930

                                           Michael A. Josephson*
                                           mjosephson@mybackwages.com
                                           Andrew W. Dunlap*
                                           adunlap@mybackwages.com
                                           11 Greenway Plaza, Suite 3050
                                           Houston, Texas 77046
                                           Telephone:     713.352.1100

                                           Richard J. (Rex) Burch*
                                           rburch@brucknerburch.com
                                           11 Greenway Plaza, Suite 3025
                                           Houston, Texas 77046
                                           Telephone:     713.877.8788

                                           William C. (Clif) Alexander*
                                           clif@a2xlaw.com
                                           Austin W. Anderson*
                                           austin@a2xlaw.com
                                           101 N. Shoreline Blvd., Suite 610
                                           Corpus Christi, Texas 78401
                                           Telephone:     361.452.1279

                                           *Pro Hac Vice Applications Forthcoming*

                                       **ATTORNEYS FOR PLAINTIFF &
                                       THE PUTATIVE CLASS MEMBERS**

ORIGINAL CLASS ACTION COMPLAINT - 40

